In the Matter of the Judicial Settlement of the Final Account of Proceedings of THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK and Another, as Executors of WILLIAM H. NELSON, Deceased. THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Trustee under the Will of WILLIAM H. NELSON, Deceased, and Others, Appellants; ETTA E. NELSON and Another, as Executors, etc., of WILLIAM H. NELSON, and ETTA E. NELSON, Individually, Respondents.— Decree of the Surrogate's Court of Westchester county, in so far as it involves the construction of the last will and testament of the deceased, affirmed, with costs, payable out of the estate, to all parties filing briefs. No opinion. Lazansky, P. J., Young and Hagarty, JJ., concur; Carswell, J., dissents with the following memorandum: Where a testator's intention is reasonably discernible from the whole instrument, the court may transpose punctuation marks, words or phrases to effectuate that intention. The construction of paragraph second of the will which has been adopted destroys for the most part the purpose and intent of paragraph third of the will and, because of the change in the character of the property between 1916 and 1925, leaves it with comparatively little in the way of property upon which to act. A contrary view gives to the widow the beneficial use of all the testator's property during her life with absolute ownership of personal property in the home and use of the home itself. It gives complete enjoyment of the entire estate during her life to the widow. This was the intent of the testator. It keeps the corpus of the estate (after the termination of the widow's life estate) in blood relatives of the decedent. The testator evinced an intention to the latter effect in paragraph third. This is more likely to be what he intended or desired rather than a diversion of the property to the nominees or collaterals of the childless wife, if it be vested in her so that she may determine its devolution by testament or purposed intestacy. I favor an interpretation of paragraph second so as to limit it to personal property in the Mount Kisco premises " other than cash or evidences of indebtedness " there kept. I so vote. Tompkins, J., not voting. [152 Misc. 245.]